# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT C. DALTON, | : |
| | : |
| Plaintiff, | : Civil Action No. 21-5354 (JXN) (ESK) |
| | : |
| v. | : OPINION |
| | : |
| SAINT BARNABAS MEDICAL CENTER, a corporate entity, RWJBARNABAS HEALTH, a corporate entity, NICOLE CENTRELLA, an individual, and DR. LAUREN J. CURATO, individual, | : |
| | : |
| Defendants. | : |

**NEALS**, District Judge:

This matter comes before the Court on two motions to dismiss *pro se* Plaintiff Robert C. Dalton's ("Plaintiff") amended complaint (ECF No. 5) (the "Amended Complaint") filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6): (1) Defendants Saint Barnabas Medical Center ("Barnabas Medical Center"), RWJBarnabas Health ("RWJBarnabas"), and Nicole Centrella's ("Centrella") (collectively, the "Barnabas Defendants") motion to dismiss (ECF No. 16); and (2) Lauren J. Curato, D.O.'s ("Curato") motion to dismiss (ECF No. 19). Plaintiff opposed the motions (*see* ECF Nos. 24, 29), and the Barnabas Defendants and Curato replied (ECF Nos. 28, 32). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). Venue is proper pursuant to 28 U.S.C. § 1391.

The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Curato's motion to dismiss (ECF No. 19) is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 5) in its entirety is **DISMISSED** *with prejudice as to Defendant*

***Lauren J. Curato, D.O***.   The Barnabas Defendants' motion to dismiss (ECF No. 16) is **GRANTED in part** and **DENIED in part**, and Plaintiff's Amended Complaint (ECF No. 5) in its entirety is **DISMISSED** *with prejudice as to Defendant Nicole Centrella*.  Plaintiff's claims under Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"), the Fifth and Fourteenth Amendments to the United States Constitution, and 42 C.F.R. §§ 482.2, 482.24 are **DISMISSED** *with prejudice as to Barnabas Medical Center* and *RWJBarnabas*. Plaintiff's claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. (the "Rehabilitation Act") remain against Barnabas Medical Center and RWJBarnabas only. Plaintiff may file an amended complaint to plead claims raised for the first time in Plaintiff's oppositions (ECF Nos. 24, 29) no later than 30 days from the date of the accompanying Order, or by December 6, 2023, should Plaintiff choose to do.  The Clerk of Court is directed to file a Notice of Guidelines for Representing Yourself (Appearing "Pro Se") in Federal Court and/or any related materials on the docket.  The Court awards no costs, expenses, or attorney fees to any party.

### I.    BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff states that his "civil rights" were "violated" because the Barnabas Defendants and Curato "denied [Plaintiff's] . . . preferred method of effective communication[,]" requested due to Plaintiff's "TBI-disab[ility][.]"  (Am. Compl. ¶¶ 1, 6, 18).  The Barnabas Defendants and Curato were aware of Plaintiff's disability yet "repeatedly denied" his accommodation requests and "discriminated against" him "on the [b]asis of" his disability.  (*Id.* ¶ 21).

Plaintiff identifies four "preferred method[s] of communication" that the Barnabas Defendants and Curato denied as a "public accommodation" while he was treated at Barnabas Medical Center, a RWJBarnabas facility (*see Id.* ¶¶ 1, 17, 20, 28):

---

[1] The following facts are taken from the Amended Complaint, which the Court accepts as true.

    1.      Centrella "to record the verbal information that" she "was providing" to Plaintiff;

    2.      Centrella to "tape what" she "was informing [Plaintiff] regarding the state of his injuries[;]"

    3.      Centrella to "move [Plaintiff] to a quieter location" and to provide "imaging of his neck and mid-back[;]" and

    4.      Plaintiff "to use his phone to record the audio of the medical information and answers being spoken by" Centrella and Curato.

(*Id.* ¶¶ 6-7, 31-32, 35-36).

Plaintiff alleges causes of action under Titles II and III of the ADA, Section 504 of the Rehabilitation Act, the Fifth and Fourteenth Amendments to the United States Constitution, and 42 C.F.R. §§ 482.2, 482.24. (*Id.* ¶¶ 9-10, 15-16). This matter is ripe for consideration.

## II.    <u>LEGAL STANDARD</u>

A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In considering a facial challenge in a Rule 12(b)(1) motion, the court must "consider the allegations of the complaint as true" (*see Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citation and internal quotations omitted)) and decide whether "the allegations in the complaint are insufficient to demonstrate federal subject matter jurisdiction . . . ." *Doughty v. U.S. Postal Service*, 359 F.Supp.2d 361, 364 (D.N.J. 2005) (citation omitted). A factual challenge "involves an attack on the existence of subject matter jurisdiction in fact, quite apart from any pleading." *Id.* (citation and internal quotations omitted). "Dismissal is proper under Rule 12(b)(1) only where the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Cunningham v. Lenape Regional High Dist. Bd. of Educ.*, 492 F.Supp.2d 439, 446 (D.N.J. 2007) (citation and internal quotations omitted).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted). On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). Indeed, a complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must "assume the[] veracity" of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citations omitted).

### III.     DISCUSSION

#### A.     The Complaint Provides Specific Allegations Against RWJBarnabas and Plaintiff Noticed Curato of this Litigation

Initially, the Court rejects the Barnabas Defendants' assertion that the Amended Complaint should be dismissed against RWJBarnabas because Plaintiff failed to state allegations against it and provide notice to Curato. (Barnabas Defs.' Br. (ECF No. 16-1) at 29[2]).

---

[2] The Court refers to the ECF header page numbers for the documents discussed herein.

4

A "complaint cannot be dismissed unless the court is certain that no set of facts can be proved that would entitle plaintiff to relief." *In re K-Dur Antitrust Litig.*, 338 F.Supp.2d 517, 528 (D.N.J. 2004) (citations and internal quotations omitted). While "it may appear on the face of the pleadings that a recovery is very remote and unlikely[,]" as "that is not the test[,]" the Court must consider whether Plaintiff "is entitled to offer evidence to support the claims." *Id.* at 528 (citations and internal quotations omitted). Pleadings that are "insufficiently vague" (*see Nash v. New Jersey*, 2022 WL 4111169, at *3 (D.N.J. Sept. 8, 2022) and fail to "specify[] which of the defendants are responsible for which acts or omissions" (*see Radhakrishnan v. Pugliese*, 2021 WL 11593799, at *1 (D.N.J. May 21, 2021) (citation omitted)) are dismissed.

Here, the Court finds Plaintiff's allegations RWJBarnabas are sufficient. Plaintiff alleges that Barnabas Medical Center "is part of" RWJBarnabas's "healthcare system" and that RWJBarnabas "denied" Plaintiff's "preferred method of communication . . . ." (Am. Compl. ¶¶ 17, 48). Plaintiff further alleges that due to his accident, he drove himself to Barnabas Medical Center in Livingston, New Jersey. (*Id.* ¶¶ 24, 26, 28). These allegations, while limited, provide "sufficient notice of the claims asserted" against RWJBarnabas. *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988) (citations omitted). Thus, the Court does not dismiss the claims against RWJBarnabas.

Moreover, the Court disagrees that Curato "has not been served in this matter . . . ." (Barnabas Defs.' Br. at 13 n.1). In addition to Curato not arguing such in her papers (*see, gen.*, Curato's Mem. of Law and Reply (ECF Nos. 19-4, 28)), a Notice of Appearance was entered on behalf of Curato (ECF No. 18). Accordingly, the Amended Complaint is not dismissed under Federal Rule of Civil Procedure 4(m).

### B. The Court Declines to Analyze Claims Raised for the First Time in Plaintiff's Oppositions

Plaintiff's oppositions (ECF Nos. 24, 29) contain general and blanket objections to the motions to dismiss. Plaintiff also did not cite any supporting authority and failed to respond to the Barnabas Defendants' and Curato's arguments. Thus, the motions to dismiss were not substantively opposed. The Court, however, addresses Plaintiff's newly raised arguments.

First, Plaintiff cites an unrelated case—2:13-cv-06363—that Plaintiff was not a party to, and a "consent order[,]" allegedly violated by the Barnabas Defendants and Curato (*see* ECF No. 24 at ¶¶ 5-9), to which Plaintiff was not a signatory. Because neither the case nor the "consent order" have any bearing here, the Court does not apply either.

Second, Plaintiff argues that the Barnabas Defendants and Curato violated 42 U.S.C. § 12203 (ECF No. 24 at ¶¶ 10-13), which was not pled in the Amended Complaint. Thus, the Court does not consider the claim here.

Third, and finally, the Court does not analyze the 42 U.S.C. §§ 1983, 1985, 1986 or N.J.S.A. 30:4-27 claims, which, like the 42 U.S.C. § 12203 claim, were not pled in the Amended Complaint and raised for the first time in opposition (*see* ECF No. 24-1 at ¶¶ 22-23, 27, 29, 40, 43). Plaintiff appears to raise these claims in the event the Court dismisses Plaintiff's ADA, Rehabilitation Act, constitutional and regulatory claims. As Plaintiff did not plead claims for the Barnabas Defendants' and Curato's alleged violations of an order, statute, and/or regulation, the Court does not analyze the same here.

### C. The 42 C.F.R. §§ 482.2 and 482.24 Claims

The Court agrees that Plaintiff's claims under 42 C.F.R. §§ 482.2 and 482.24 should be dismissed because the regulations do not provide a private right of action. (Barnabas Defs.' Br. at 23-24; Curato's Mem. of Law at 12).

6

§ 482.2 does not provide a cause of action and instead describes when a non-participating hospital in the Medicare program may be reimbursed. Indeed, a single court cited the provision (*see NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28, 36 (Tex. App.-El Paso 2006, no pet.) to explain health care providers' eligibility to participate in Medicare.

§ 482.24 requires that hospitals "have a medical record service" and that medical records "be maintained for every individual evaluated or treated in the hospital." Like § 482.2, § 482.24 does not provide a private right of action. *See Lorah v. Chrtistina Care Hosp.*, 16-1018, 2017 WL 3396448, at *3 (D. Del. Aug. 8, 2017) ("This federal regulation does not provide Plaintiff with a private right of action. Instead, it is a Medicare condition of participation regulation that provides medical record services guidance.") (citation omitted); *see also Estate of Savage v. St. Peter's Hosp. Ctr. of City of Albany, Inc.*, 17-1363, 2018 WL 3069199, at *5 (N.D.N.Y. June 21, 2018).

Since 42 C.F.R. §§ 482.2 and 482.24 do not provide for a private cause of action, the claims are dismissed.

### D.  The Due Process and Equal Protection Claims

The Barnabas Defendants and Curato argue that because they are not state actors, Plaintiff's due process and equal protection claims should be dismissed. (Barnabas Defs.' Br. at 22-23; Curato's Mem. of Law at 11). The Court agrees.

The Fourteenth Amendment "applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) (citations omitted); *see also Citizens for Health v. Leavitt*, 428 F.3d 167, 178 (3d Cir. 2005) ("[I]t is well established that the substantive component of due process, embodied in . . . the Fifth . . . Amendment[], provides heightened protection against government interference with certain fundamental rights and liberty interests.") (citations and internal quotations omitted) (emphasis removed).

7

Because the Barnabas Defendants and Curato are not government actors who interfered with Plaintiff's due process and equal protection rights, the Fifth and Fourteenth Amendment claims are dismissed.

### E. The Title II and III ADA Claims

#### 1. The Title II Claims Are Dismissed against the Barnabas Defendants and Curato for Failure to State a Claim

Plaintiff's Title II claims (*see* Am. Compl. ¶ 68) are dismissed because the Barnabas Defendants and Curato are not government entities. *See Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 176 (3d Cir. 2019) ("The ADA is divided into three titles of regulation—Title I (employers), Title II (governments), and Title III (public accommodations)."). As Title II does not apply to the Barnabas Defendants or Curato, the claims are dismissed as to both.

#### 2. The Title III Claims against the Barnabas Defendants and Curato

##### a) The Title III Claims Against Centrella and Curato Are Dismissed for Failure to State a Claim

Title III of the ADA "prohibits public accommodations[,]" including hospitals and healthcare providers, "from discriminating against individuals on the basis of disability." *McGann v. Cinemark USA, Inc.*, 873 F.3d 218, 221 (3d Cir. 2017) (citation and internal quotations omitted); 42 U.S.C. § 12181(7)(F). Such discrimination includes:

> [A] failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

42 U.S.C. § 12182(b)(2)(A)(iii).

To state a Title III claim, Plaintiff must show that: "(1) he was discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges,

8

advantages, or accommodation of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation." *Louisiana Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F.Supp.2d 359, 365 (D.N.J. 2008) (citations omitted). 42 U.S.C. § 12182(a) also prohibits discrimination "by any person who . . . leases (or leases to) . . . a place of public accommodation."

Plaintiff alleges that the Barnabas Defendants and Curato "discriminated against" him "on the [b]asis of" his "disability." (Am. Compl. ¶ 21). Plaintiff also alleges that the Barnabas Defendants and Curato denied him a public accommodation. (*Ibid.*). While the Amended Complaint does not allege that Plaintiff requested an auxiliary aid or service, by attaching Appendix A (*see id.* ¶ 14; ECF No. 5-1), Plaintiff alleges so here.

Appendix A is a July 31, 2014, publication by the U.S. Department of Justice entitled "Effective Communication[,]"which "is designed to help title II and title II entities . . . understand how the rules for effective communication . . . apply to them" (the "Publication") (Publ'n. at 2). In addition to a variety of available technologies, the Publication states that title II State (and local governments) and title III entities (businesses and nonprofit organizations that serve the public) are to provide certain "auxiliary aids and services" to persons with disabilities when appropriate. (*Ibid*). Specifically, a "qualified reader" for individuals having eye disabilities, a "qualified notetaker[,]" interpreters, "real-time captioning; written materials; or a printed script of a stock speech" to individuals having hearing disabilities, and a "qualified speech-to-speech transliterator" for individuals with speech disabilities. (*Id.* at 3). Examples of auxiliary aids and services are also found in 28 C.F.R. § 36.303.

In citing *Emerson v. Thiel College*, 296 F.3d 184 (3d Cir. 2002), Centrella and Curato contend that Plaintiff did not state a Title III claim because he did not allege that either "own[ed],

9

lease[d] . . . or operate[d] a place of public accommodation[,]" (*see Louisiana Counseling & Fam. Servs., Inc.*, 543 F.Supp.2d at 365 (citations omitted))—Barnabas Medical Center—Plaintiff failed to state a Title III claim.  The Court agrees.

"[T]he Third Circuit has held that individual defendants are not liable for violations of Title III . . . ."  *DeSantis v. N.J. Transit*, 103 F.Supp.3d 583, 589 (D.N.J. 2015) (citing *Emerson*, 296 F.3d at 188); *see also Owens v. Armstrong*, 171 F.Supp.3d 316, 331 (D.N.J. 2016) ("The ADA does not create private causes of action against individuals . . . .") (citations omitted).

In the Amended Complaint, Plaintiff does not allege that Centrella and Curato owned, operated, or leased Barnabas Medical Center on the date Plaintiff was treated.  Instead, that Centrella is "the nurse practitioner who provided medical attention to [] Plaintiff and who denied . . . [P]laintiff's requested preferred method of effective communication" and Curato was the "doctor/head doctor of the ER" who also denied Plaintiff's requests.  (Am. Compl. ¶¶ 18-19). Because Plaintiff does not allege that Centrella and Curato owned, operated, or leased Barnabas Medical Center, which is how liability attaches to individual defendants (*see Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002)), Plaintiff failed to state a Title III claim.

                b)      <u>The Title III Claims Against Barnabas Medical Center and RWJBarnabas Are Dismissed for Lack of Standing</u>

The Court finds that Plaintiff's Title III claim against Barnabas Medical Center and RWJBarnabas are similarly dismissed because Title III does not provide monetary relief and Plaintiff does not have standing to seek prospective injunctive relief.  (Barnabas Defs.' Br. at 16-21; Curato's Mem. of Law at 9-11).

"Title III defendants cannot be liable for money damages."  *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003) (citations omitted).  This is because "the ADA provides only prospective injunctive relief . . . ."  *Doe v. Law Sch. Admission Council, Inc.*, 791

F.App'x 316, 318 (3d Cir. 2019); *see also* 42 U.S.C. §§ 2000a-3(a), 12188 (Title III's only remedy is "preventative relief, including an application for a permanent or temporary injunction" to "any person who is being subjected to discrimination on the basis of disability . . . .").

Here, Plaintiff seeks compensatory damages, attorney fees, costs, and punitive damages." (Am. Compl. ¶¶ 67-68). Because Title III does not provide monetary relief, Plaintiff may not seek damages here. The Court, however, disagrees that the claim should be dismissed for this reason. (Barnabas Defs.' Br. at 16). Rather, the Court agrees with Curato that "[e]ven if Plaintiff had any basis to sue . . ., he could not recover [] compensatory or punitive damages . . . ." (Curato's Mem. of Law at 9) (citations omitted). Therefore, if Plaintiff has standing to seek injunctive relief, the claim proceeds. The Court finds, however, that Plaintiff does not.

To seek prospective injunctive relief, as Plaintiff does (*see* Am. Compl. ¶ 69), he "must demonstrate a real and immediate threat of injury in order to satisfy the injury in fact requirement" of standing in Title III cases. *Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 341-42 (D.N.J. 2003) (citations and internal quotations omitted). Standing is demonstrated by showing three elements: (1) "an injury-in-fact" that is, an injury that is "concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical[;]" (2) "a causal connection between the injury and the conduct complained of[;]" and "that it is likely, nor merely speculative, that his or her injury will be redressed by a favorable decision." *Doe v. Nat'l Bd. of Med. Exam'rs*, 210 F.App'x 157, 159 (3d Cir. 2006) (citations and internal quotations omitted). Plaintiff "must also meet the preconditions for asserting an injunctive claim in a federal forum." *Id.* at 159 (citation and internal quotations and brackets omitted). Finally, Plaintiff must show that he "is likely to suffer *future* injury from the defendant's illegal conduct." *Id.* at 159-60 (citation omitted).

Here, the Court finds that Plaintiff does not have standing to seek injunctive relief under Title III.  Plaintiff alleges that Barnabas Medical Center's and RWJBarnabas's "actions harmed" him by "gaslighting [Plaintiff] and not recording material facts [related] to [] Plaintiff's claim for disability discrimination[,]" which, according to Plaintiff, "cause[d] [him] pain and suffering . . . ." (Am. Compl. ¶ 61).  These allegations do not show an injury that is "concrete and particularized and actual or imminent . . . ." *Doe*, 210 F.App'x at 159 (citation omitted).

Next, there are no allegations that suggest a "causal connection between" his alleged injuries and Barnabas Medical Center's and RWJBarnabas's conduct. *Id.* at 159 (citation omitted). Further, it is "merely speculative" that Plaintiff's injuries "will be redressed by a favorable decision." *Id.* at 159 (citation omitted).  In addition, Plaintiff fails to show that he is "likely to suffer *future* injury" from Barnabas Medical Center's and RWJBarnabas's actions, or lack thereof. *Id.* at 160 (citation omitted).

Moreover, the allegations in the Amended Complaint do not suggest that Barnabas Medical Center and RWJBarnabas are likely to harm Plaintiff in the future.  In *Clark*, the Court found standing because plaintiff's "past patronage at certain Burger King restaurants support[ed] a reasonable likelihood of future injury at these locations." 255 F.Supp.2d at 343.  The Court also found that plaintiff's "intent[ion] to return to these restaurants," further supported such a finding. *Id.* at 343.  This is not the case here.

Plaintiff alleges that he visited Barnabas Medical Center only once after his accident (*see* Am. Compl. ¶¶ 24, 26, 28), which he described as "the nearest hospital with the aid of GPS" from the location of the accident. (*Id.* ¶¶ 26, 28).  Plaintiff also alleges that the only other time he visited Barnabas Medical Center was to obtain the name of Curato. (*Id.* ¶ 52).  Such allegations do not suggest that Plaintiff is likely to visit Barnabas Medical Center in the future and be harmed or

12

injured in so doing. Indeed, Plaintiff does not live in or near Livingston, New Jersey, where Barnabas Medical Center is located. (*Id.* ¶¶ 3, 28).

Recognizing that his proximity to Barnabas Medical Center would be an issue, Plaintiff states in an Affidavit that he lives or is "in the middle of a transition" to his "new residency" in Bayonne, New Jersey, that RWJBarnabas in Bayonne is Plaintiff's "primary healthcare provider center that is less than two miles away" and, as a result, he is "very likely to visit this Healthcare facility for [his] primary care." (ECF No. 24-2 at ¶¶ 2, 4). This alone is not sufficient to establish standing. Thus, Plaintiff's Title III claim is dismissed as to Barnabas Medical Center and RWJBarnabas.

## F. The Section 504 Rehabilitation Act Claims

### 1. The 504 Claims Against Centrella and Curato Are Dismissed for Failure to State a Claim

The Court agrees that Section 504 does not provide a private cause of action against individual defendants unless they received federal funds. (Barnabas Defs.' Br. at 28; Curato's Mem. of Law at 13). Because Plaintiff does not allege that Centrella and Curato received federal funds, the Court dismisses the claim against Centrella and Curato.

"The Rehabilitation Act provides that no otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program that received federal funds." *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 280 (3d Cir. 2012) (quoting 29 U.S.C. § 794(a)) (internal quotations, brackets and ellipses omitted). Because the Amended Complaint does not allege that Centrella and Curato receive federal funds, Plaintiff's Rehabilitation Act claims against both are dismissed. *See Emerson*, 296 F.3d at 190 ("Because the individual defendants do not receive federal aid, [plaintiff] does not state a claim against them under the Rehabilitation Act.").

13

### 2. Plaintiff Pled Plausible 504 Claims against Barnabas Medical Center and RWJBarnabas

At the outset, the Court rejects the Barnabas Defendants' assertion that "cell phone audio recording" is not "permitt[ed]" as an auxiliary aid or service as a public accommodation. (Barnabas Defs.' Br. at 27 n.5). *See* 28 C.F.R. § 36.303(b)(2) (listing "[q]ualified readers; taped texts; [and] audio recordings" as auxiliary aids and services). Turning to Barnabas Medical Center's and RWJBarnabas's assertion that Plaintiff fails to state a Rehabilitation Act claim under Section 504 (*see* Barnabas Defs.' Br. at 25-28), the Court disagrees.

To state a Section 504 claim, Plaintiff must show that "(1) he has a disability[,] (2) he is otherwise qualified to participate in the services, programs, and activities . . ., (3) the program receives federal financial assistance, and (4) he was denied the benefits of or subject to discrimination under the program because of his disability." *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, 431 F.Supp.3d 488, 501 (D.N.J. 2019) (citations and internal quotations omitted). Because Plaintiff pled the requisite elements, he stated plausible 504 claims.

Plaintiff alleges that he is "TBI-disabled" and that he has a variety of related issues. (Am. Compl. ¶ 1). Accepting Plaintiff's allegations as true, Plaintiff is a "qualified individual" under 29 U.S.C. § 794(a) because Plaintiff's TBI disability may qualify as a "physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment" or other issues. 29 U.S.C. § 705(20)(A)(i).

Plaintiff next alleges that Barnabas Medical Center and RWJBarnabas receive "[f]ederal [g]rant[s] and programs" under 29 U.S.C. § 794. (Am. Compl. ¶¶ 11, 15). Plaintiff also alleges that he was "discriminated against on the basis of his disability" by not being "provided his preferred method of effective communication for his disability . . . ." (*Id.* ¶ 66). While Curato agreed to provide Plaintiff with the requested imaging and moved Plaintiff to a private examination

14

room (*see id.* ¶¶ 36, 39), Plaintiff alleges that Centrella and Curato denied Plaintiff's request to be moved to an even quieter room and caused Plaintiff "more confusion . . . ." (*Id.* ¶ 19). Additionally, Plaintiff alleges that the Barnabas Defendants and Curato denied Plaintiff's request for Centrella to "record the verbal information" she provided Plaintiff, "tape what" she "was informing [Plaintiff] regarding the state of his injuries[,]" and allow Plaintiff "to use his phone to record the audio of the medical information and answers being spoken by" Centrella and Curato. (*Id.* ¶¶ 31-32, 36).

Whether declining Plaintiff's requested accommodations was due to his alleged TBI disability, is not before the Court at this time. Rather, the Court must decide whether Plaintiff's allegations plausibly give rise to a claim for relief. *Santiago,* 629 F.3d at 130 (citations omitted). The Court finds that such allegations are sufficient to state a claim against Barnabas Medical Center and RWJBarnabas. For similar reasons, the Court rejects the Barnabas Defendants' contention that Plaintiff's Rehabilitation Claim should be denied because he is unable to obtain compensatory damages. (Barnabas Defs.' Br. at 26-28).

To obtain compensatory damages, Plaintiff must "prove that the discrimination at issue was intentional." *K.J.*, 431 F.Supp.3d at 501 (citation and internal quotations omitted).[3] This is demonstrated through "proof that, at a minimum, . . . deliberate indifference to the underlying act of discrimination" was exhibited. *Id.* at 501 (citation and internal quotations omitted). Plaintiff "can establish deliberate indifference by showing (1) knowledge that a federally protected right is substantially likely to be violated[;] and (2) failure to act despite that knowledge." *Id.* (citation and internal quotations omitted) (emphasis removed). Such proof, however, is not required at the motion to dismiss stage. *See Phillips*, 515 F.3d at 231 (noting dismissal is not granted where "it

---

[3] Plaintiff is not entitled to punitive damages on this claim. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.") (citation omitted); *see also Ashcroft*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotations omitted).  Thus, the Barnabas Defendants' motion to dismiss is denied as to Plaintiff's Section 504 claim.

### G. Plaintiff's Leave Request is Granted

Plaintiff seeks leave to file a second amended complaint.  (ECF No. 24 at ¶ 16; ECF No. 29 at ¶ 17).  The Barnabas Defendants and Curato oppose because Plaintiff: (i) previously amended the complaint; (ii) did not provide a proposed Second Amended Complaint; and (iii) did not state why leave should be given.  (Barnabas Defs.' Reply (ECF No. 32) at 6; Curato's Reply (ECF No. 28) at 4).  The Court finds that leave is appropriate and, accordingly, permits Plaintiff to file a second amended complaint, should he choose to do so.

The Federal Rules of Civil Procedure allow litigants to "amend [their] pleading once as a matter of course[,]" but future amendments require "the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(1)-(2).  Because Plaintiff already amended his initial complaint (ECF Nos. 1, 5), he seeks leave to file a Second Amended Complaint, which is "freely give[n] [] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  While "the standard to grant a motion for leave is liberal" and "there is a presumption in allowing the moving party to amend its pleadings[,]" the Court decides whether a litigant is entitled to leave.  *Donovan v. W. R. Berkley Corp.*, 566 F.Supp.3d 224, 229 (D.N.J. 2021) (citations and internal quotations omitted).  Leave is permitted "unless it would be inequitable or futile."  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).  "A proposed amendment to a complaint is futile if the amended complaint

16

would fail to state a claim for relief under Rule 12(b)(6)." *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (citation omitted).

Because Plaintiff raised claims for the first time in opposing the motions to dismiss (ECF Nos. 24, 29), the Court did not consider the same here. The Court finds that Plaintiff should have an opportunity to allege any claims not raised that are supported by the facts. Additionally, Plaintiff requests leave to file an amended complaint to in part obtain "Pro Bono assistance from an attorney . . . ." (Am. Compl. ¶ 16). Accordingly, and pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court permits Plaintiff to file a second amended complaint, as to those claims not pled in the Amended Complaint but raised in the oppositions (ECF Nos. 24, 29) only. The Clerk of Court is also directed to file a Notice of Guidelines for Representing Yourself (Appearing "Pro Se") in Federal Court and/or any related materials on the docket.

### IV.    CONCLUSION

For the reasons set forth above, Curato's motion to dismiss (ECF No. 19) is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 5) in its entirety is **DISMISSED *with prejudice as to Defendant Lauren J. Curato, D.O***. The Barnabas Defendants' motion to dismiss (ECF No. 16) is **GRANTED in part** and **DENIED in part**, and Plaintiff's Amended Complaint (ECF No. 5) in its entirety is **DISMISSED *with prejudice as to Defendant Nicole Centrella***. Plaintiff's claims under Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"), the Fifth and Fourteenth Amendments to the United States Constitution, and 42 C.F.R. §§ 482.2, 482.24 are **DISMISSED *with prejudice as to Barnabas Medical Center*** and ***RWJBarnabas***. Plaintiff's claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. (the "Rehabilitation Act") remain against Barnabas Medical Center and RWJBarnabas only. Plaintiff may file an amended complaint to plead claims raised for the first

17

time in Plaintiff's oppositions (ECF Nos. 24, 29) no later than 30 days from the date of the accompanying Order, or by December 6, 2023, should Plaintiff choose to do. The Clerk of Court is directed to file a Notice of Guidelines for Representing Yourself (Appearing "Pro Se") in Federal Court and/or any related materials on the docket. The Court awards no costs, expenses, or attorney fees to any party.

    An appropriate Order accompanies this Opinion.

DATED: 11/6/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge