**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROBERT C. DALTON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAINT BARNABAS MEDICAL CENTER,<br>*et al*.,<br><br>　　　　　　　Defendants. | Civil Action No. 21-5354 (JXN)(SDA)<br><br><br>**<u>OPINION</u>** |

**<u>NEALS</u>**, District Judge

Before the Court are motions to dismiss *pro se* Plaintiff Robert C. Dalton's ("Plaintiff")

Second Amended Complaint (ECF No. 46) filed by: the State of New Jersey ("State") (ECF No.

142); the HMH Defendants[1] (ECF No. 143); the Rutgers Defendants[2] (ECF No. 144); and the

RWJBH Defendants[3] (collectively, "Defendants") (ECF No. 145). Plaintiff opposed the State's

and HMH Defendants' motions to dismiss (*see* ECF Nos. 148, 151) and all Defendants replied

(*see* ECF Nos. 155–58). The Court has carefully considered the parties' submissions and decides

this matter without oral argument pursuant to Federal Rule of Civil Procedure[4] 78 and Local Civil

Rule 78.1. For the reasons set forth below, the motions to dismiss filed by the State (ECF No. 142);

---

[1] The HMH Defendants collectively refer to: Hackensack Meridian Health ("HMH"); HMH JFK University Medical Center ("JFK"); HMH CEO Robert Garrett; HMH Vice President and Chief Compliance Officer Thomas Flynn; JFK President and Chief Hospital Officer Amie Thornton; and JFK physician Dr. Jamie Levine.

[2] The Rutgers Defendants collectively refer to: Rutgers, the State University of New Jersey ("Rutgers"); former Rutgers President Jonathan Holloway; former Rutgers Senior Vice President and General Counsel John Jay Hoffman; Rutgers Chancellor Brian L. Strom; and Rutgers Executive Director of Risk Management and Insurance Bill Troy.

[3] The RWJBH Defendants collectively refer to: Saint Barnabas Medical Center ("Saint Barnabas"); RWJBarnabas Health ("RWJBH"); Mark Manigan ("Manigan"); Barry Ostrowsky ("Ostrowsky"); and Andy Anderson ("Anderson").

[4] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

the HMH Defendants (ECF No. 143); and the Rutgers Defendants (ECF No. 144) are **GRANTED**, and the motion to dismiss filed by the RWJBH Defendants (ECF No. 145) is **GRANTED in part**.

## I.    BACKGROUND

### A.    Statement of Facts

Plaintiff alleges he suffered a traumatic brain injury in 2012, which affects his executive functions and communication. (Second Am. Compl. ("SAC") ¶ 54, ECF No. 46.) To deal with his injury, Plaintiff prefers to communicate by email "with documents attached." (*Id.* ¶¶ 58–60.) According to Plaintiff, "his executive functions rapidly decline without his preferred methods of effective communication for his disability." (*Id.* ¶ 61.)

Plaintiff got into a car accident in March 2019. (*Id.* ¶ 66.) Immediately after the crash, he was rushed to Saint Barnabas, an RWJBH hospital. (*Id.*) Plaintiff claims he informed hospital staff of his traumatic brain injury, and that his "preferred method of communication" was to record his conversations with others. (*Id.* at 34.) However, Plaintiff avers that hospital staff refused to allow Plaintiff to record their conversations. (*Id.* at 35.) Without being able to record his interactions, Plaintiff became confused. (*Id.*) Plaintiff also claims that he requested to be moved to a quieter room, but hospital staff refused this request as well. (*Id.* at 36.)

Three months later, on June 6, 2019, Plaintiff scheduled a medical appointment at JFK to treat accident-related back pain and a possible concussion. (*Id.*) Dr. Levine met with Plaintiff. (*Id.* ¶ 67.) Plaintiff alleges Dr. Levine could not examine Plaintiff's back pain because he was in the concussion clinic and told Plaintiff to schedule another appointment. (*Id.*) Plaintiff found this "odd" because Dr. Levine was a psychiatrist. (*Id.*) Plaintiff claims this interaction violated his rights under N.J.A.C. 8:43G-4.1(a)(31). (*Id.*)

Plaintiff scheduled another appointment for November 14, 2019. (*Id.* ¶ 68.) However, he ran late to his appointment and "arrived flustered and confused because he was ruminating after someone at [JFK] called him at least a day earlier about his appointment." (*Id.*) Plaintiff asserts that, for two years, Plaintiff told "all departments" at JFK that "his preferred method of effective communication is by email only." (*Id.*) Plaintiff claims this constitutes unlawful discrimination.

Plaintiff then met with Dr. Levine, who "badgered him about why he did not have his [n]europsychology evaluation done." (*Id.* ¶ 70.) Plaintiff "became more flustered." (*Id.*) He requested to "audio tape her diagnosis." (*Id.*) Dr. Levine allegedly refused without explanation. (*Id.*) Plaintiff claims he never received a written explanation as to why he could not record his appointment with Dr. Levine. (*Id.* ¶ 73.) Plaintiff asserts the HMH Defendants knew Plaintiff had a traumatic brain injury and unlawfully discriminated against Plaintiff by denying Plaintiff the use of his "preferred method of effective communication," an audio recording app. (*Id.* ¶ 74.)

Plaintiff, moreover, asserts all Defendants "refuse[d] to provide" Plaintiff his "preferred method of effective communication," i.e., email correspondence, at least 100 times. (*Id.* ¶ 95.)

Plaintiff alleges he began going to Rutgers Health's[5] "department of endocrinology" in August or September 2020. (*Id.* ¶ 97.) Plaintiff requested to receive telehealth links by email, but failed to receive any such links by email between September and December 2020. (*Id.* ¶ 99.) Plaintiff requested that certain unnamed staff members email him, in the event he could not attend a telehealth appointment, but the staff members allegedly refused and sent him "no reply" emails. (*Id.* ¶¶ 99, 102.)

---

[5] Rutgers Health is a trade name for Rutgers Biomedical and Health Services. (*See* Rutgers Moving Br. at 7 n.5, ECF No. 144-1.)

**B.     Procedural History**

Plaintiff sued RWJBH, Saint Barnabas, and Nicole Centrella ("Centrella") on March 15, 2021. (*See* Compl., ECF No. 1.) Plaintiff then amended the complaint, adding Lauren J. Curato ("Curato"). (*See* Am. Compl., ECF No. 5.)

The Amended Complaint alleged that, in refusing to accommodate Plaintiff's traumatic brain injury in his March 2019 emergency room visit, RWJBH, Saint Barnabas, Centrella, and Curato violated the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act, 29 U.S.C. § 701, the United States Constitution, and federal regulations. Centrella, RWJBH, Saint Barnabas, and Curato moved to dismiss. (*See* Nov. 6, 2023 Op., ECF No. 34; Nov. 6, 2023 Order, ECF No. 35.) Plaintiff opposed. (*See* ECF Nos. 24, 29.) In his opposition, Plaintiff alleged, for the first time, that (1) Defendants violated a consent order in an unrelated case; (2) Defendants violated 42 U.S.C. § 12203; and (3) Defendants violated 42 U.S.C. §§ 1983, 1985, 1986 and N.J.S.A. 30:4-27.1. (*See, e.g.*, Nov. 6, 2023 Op. at 6.)

The Court dismissed the Amended Complaint with prejudice as to Curato and Centrella. (Nov. 6, 2023 Op. at 2.) The Court dismissed the Amended Complaint with prejudice as to the claims against RWJBH and Saint Barnabas brought under the ADA, the Constitution, and federal regulations. (*Id.* at 17.) The Court permitted Plaintiff's claims against RWJBH and Saint Barnabas brought under § 504 to proceed. (*Id.*) The Court granted Plaintiff leave to "file a second amended complaint, as to those claims not pled in the Amended Complaint but raised in the oppositions only." (*Id.*)

Plaintiff filed a Second Amended Complaint on January 3, 2024. (*See* SAC.) The Second Amended Complaint is split into two parts. Part Two appears to reassert Plaintiff's § 504 claim against RWJBH and Saint Barnabas as to the March 2019 emergency room visit. (*See* SAC at 25–

4

47.) Part One of the Second Amended Complaint asserts four "sets" of new claims against the State, the HMH Defendants, the Rutgers Defendants, RWJBH, Saint Barnabas, and three new individual RWJBH Defendants. (*Id.*) As best the Court can tell, the Second Amended Complaint includes claims under the ADA; § 504 of the Rehabilitation Act; 42 U.S.C. §§ 1981, 1983, and 1986; and N.J.A.C. 8:43G-4.1(a)(3), (a)(18), (a)(27), and (a)(31). (*Id.*) The new claims are based on the June and November 2019 hospital visits, and Plaintiff's telehealth appointments. (*Id.*)

Without leave of Court, Plaintiff filed an "Amended Second Amended Complaint." (*See* Am. SAC, ECF No. 81.) Magistrate Judge Clark struck the Amended Second Amended Complaint for failure to comply with Federal Rule 15. (*See* Letter Order, ECF No. 86.) Plaintiff then filed a motion for leave to file a Third Amended Complaint (*see* Mot. for Leave, ECF No. 101.) Magistrate Judge Adams denied the motion on September 30, 2025, because the Third Amended Complaint (1) was procedurally deficient; (2) was indecipherable; (3) went beyond the scope of the Court's November 6, 2023 Order; and (4) was futile. (*See* Sept. 30, 2025 Op., ECF No. 139.)

The State, the HMH Defendants, the Rutgers Defendants, and the RWJBH Defendants separately moved to dismiss.[6] Plaintiff opposed the State's and HMH Defendants' motions. (*See* Pl.'s Opp'n to State, ECF No. 148; Pl.'s Opp'n to HMH, ECF No. 151.) All Defendants replied.[7]

## II.    LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[6] (*See* State Moving Br., ECF No. 142-1; HMH Moving Br., ECF No. 143-1; Rutgers Moving Br., ECF No. 144-1; RWJBH Moving Br., ECF No. 145-3.)

[7] (*See* State Reply, ECF No. 155; HMH Reply, ECF No. 157; Rutgers Reply, ECF No. 156; RWJBH Reply, ECF No. 158.)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court conducts a three-step inquiry in evaluating a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

While courts give "greater leeway" to *pro se* litigants, they "still must allege sufficient facts in their complaints to support a claim," and "abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

## III.    DISCUSSION

### A.    Claims Outside the Scope of the Court's Prior Order

The Court's November 6, 2023 Opinion and Order granted Plaintiff leave to amend his complaint "as to those claims not pled in the Amended Complaint but raised in the oppositions *only*." (Nov. 6, 2023 Op. at 17 (emphasis added).) The Court "clearly delineated" what those three claims were: "(i) a consent order that was allegedly violated by the Barnabas Defendants and Curato; (ii) an alleged violation of 42 U.S.C. § 12203 by the Barnabas Defendants and Curato; and

(iii) claims under 42 U.S.C. §§ 1983, 1985, 1986 and N.J.S.A. 30:4 27." (Sept. 30, 2025 Op. at 8–9.) The Court "did not give Plaintiff free reign to add brand new claims or parties, attempt to revive his dismissed claims, wholly amend the complaint, or otherwise take a second bite at the apple." (*Id.*)

Yet that is precisely what the Second Amended Complaint attempts to do. Plaintiff adds fifteen new parties and four "sets" of new claims arising from events unrelated to his March 2019 emergency room visit. These new claims against new parties plainly exceed the scope of the Court's prior Order and must be **dismissed**. *See Palmieri v. Intervet Inc.*, No. 19-22024, 2024 WL 3199976, at *3 (D.N.J. June 26, 2024) ("The Second Amended Complaint's additional claims and newly named parties fall outside the [court's order granting leave to amend], which is basis to dismiss the pleading."); *Williams v. Hebbon*, No. 09-2103, 2012 WL 1033357, at *2 (D.N.J. Mar. 27, 2012) ("[T]o the extent Plaintiff seeks to assert new claims, some against new defendants, such proposed amendment goes beyond the scope of this Court's prior Order and will not be permitted.").

Dismissal will be ***with prejudice***. Where a claim is vulnerable to dismissal under Rule 12(b)(6), the Court must grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. An amendment is futile if it "advances a claim that is legally insufficient on its face." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

All of Plaintiff's new claims are futile. They arise under the ADA, § 504, 42 U.S.C. §§ 1983 and 1986, and N.J.A.C. 8:43G-4.1 and seek relief from events occurring between 2019 and 2021. (*See* SAC.) Plaintiff's claim under N.J.A.C. 8:43G-4.1 is futile because that regulation does not create a private right of action. *Greenstein v. Sunitha Moonthungal, P.C.*, No. A-1233-11, 2013

WL 149658, at *2 (N.J. Super. Ct. App. Div. Jan. 15, 2013) (finding that the remedy for a claim under N.J.A.C. 8:43G–4.1(a) is with the hospital administration, not the courts).

As Judge Adams correctly concluded in her September 30, 2025 Opinion and Order, the remaining claims are time-barred and do not relate back to the original pleading. (*See id.* at 15–18.) The ADA, § 504, and § 1983 borrow New Jersey's two-year statute of limitations for personal injury claims. *See Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008) ("[T]he statute of limitations applicable to claims under Title II of the ADA and Section 504 of the [Rehabilitation Act] is the statute of limitations for personal injury actions in the state in which the trial court sits."); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) ("The statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries."). § 1986 has a one-year statute of limitations. *See* 42 U.S.C. § 1986.

Plaintiff filed the Second Amended Complaint in January 2024. Therefore, his new claims, which seek to recover for events occurring between 2019 and 2021, are untimely. And, as Judge Adams concluded, none of Plaintiff's new claims relate back to his original pleading. An amendment relates back to the original pleading if:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

None of the new claims asserted in the Second Amended Complaint relate back under Rule 15(c). First, New Jersey law would not allow the new claims in the Second Amended Complaint to relate back. New Jersey's relation back rule is "virtually identical" to Rule 15(c). *Cruz v. City of Camden*, 898 F. Supp. 1100, 1107 (D.N.J. 1995). *Compare* N.J. Ct. R. 4:9-3 *with* Fed. R. Civ. P. 15(c). Specifically, under New Jersey Court Rule 4:9-3, a claim relates back when it (a) arises out of the same "conduct, transaction or occurrence set forth . . . in the original pleading"; or (b) the amendment asserts a claim against a new party who has (1) "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits," and (2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment."[8] N.J. Ct. R. 4:9-3.

Second, none of Plaintiff's new claims arise out of the same "conduct, transaction, or occurrence" as the original pleading. The Complaint and Amended Complaint arose from Plaintiff's March 2019 emergency room visit. All of Plaintiff's new claims arise from different interactions with different facilities.

Third, none of the new Defendants had any notice of the action prior to Plaintiff filing the Second Amended Complaint. The new Defendants neither knew, nor should have known, this action would be brought against them but for a mistake about their identity. Rather, the Second Amended Complaint brings in entirely new Defendants and complains of entirely new conduct.

---

[8] New Jersey also allows relation back when (1) the original pleading is against a fictitious defendant; (2) the plaintiff learns the fictitious defendant's real name; and (3) the plaintiff amends their pleading to specifically name that defendant. *Cruz*, 898 F. Supp. at 1107; N.J. Ct. R. 4:26-4. But, because neither the original complaint nor the Amended Complaint named fictitious defendants, the rule does not apply. (*See* Compl.; Am. Compl.)

Because Plaintiff's new claims are time-barred and do not relate back to his original pleading, the Court **DISMISSES** *with prejudice* all claims against the State, the HMH Defendants, the Rutgers Defendants, and the individual RWJBH Defendants (Manigan, Ostrowsky, and Anderson); and all claims against RWJBH and Saint Barnabas to the extent they arise from events unrelated to Plaintiff's March 2019 emergency room visit.[9]

**B.    Claim Within the Scope of the Court's Prior Order**

The only claim in the Second Amended Complaint within the scope of the Court's prior order is the § 504 claim against RWJBH and Saint Barnabas. The RWJBH Defendants do not argue for dismissal of this claim.[10]

## IV.    CONCLUSION

For the foregoing reasons, the motions to dismiss filed by the State (ECF No. 142); the HMH Defendants (ECF No. 143); and the Rutgers Defendants (ECF No. 144) are **GRANTED**, and the motion to dismiss filed by the RWJBH Defendants (ECF No. 145) is **GRANTED in part**. An appropriate Order accompanies this Opinion.

**DATED: 5/29/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**

---

[9] Plaintiff vaguely argues that Defendants' motions to dismiss are "unfair play." (Pl.'s Opp'n to State at 1.) It is unclear how. In any event, fairness requires that *pro se* litigants "abide by the same rules that apply to all other litigants," including the requirement that Court orders must be followed. *Mala*, 704 F.3d at 244–45.

[10] For substantially the same reasons the Court articulated in its previous Opinion (*see* Nov. 6, 2023 Op.), the Court **denies** RWJBH and Saint Barnabas's motion to dismiss as to the § 504 claim related to Plaintiff's March 2019 emergency room visit. *See Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 836 (3d Cir. 2022) ("[A] rule of law announced in a case should later be applied to 'the same issues in subsequent stages in the litigation.'" (citation omitted)).

10